**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL LEISHER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-50003 |
| | ) |
| **PACCAR INC, and KENWORTH TRUCK COMPANY** | ) |
| | ) |
| Defendants. | ) |

**PACCAR INC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, PACCAR Inc ("PACCAR") (also improperly sued herein as KENWORTH TRUCK COMPANY) by and through its attorneys SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., and hereby answers MICHAEL LEISHER's Complaint as follows:

1. That at all times relevant to this cause of action, the defendant, PACCAR, INC. ("PACCAR"), was a corporation licensed to do business in the State of Illinois.

**ANSWER:** PACCAR admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. That at all times relevant to this cause of action, the defendant, PACCAR, was a company engaged in the business of designing, manufacturing, distributing and/or selling trucks, and sold and distributed said trucks in the State of Illinois.

**ANSWER:** PACCAR admits that it is responsible for the design and manufacture of Kenworth trucks and further states that it manufactures each Kenworth truck according to the customer's specifications, which are determined by the customer and dealer. Answering further,

PACCAR states that Kenworth trucks are marketed and sold by independent dealerships not owned or operated by PACCAR.

3. That at all times relevant to this cause of action, the defendant, KENWORTH TRUCK COMPANY ("KENWORTH"), was a company engaged in the business of designing, manufacturing, distributing and/or selling trucks, and sold and distributed said trucks in the State of Illinois.

**ANSWER:** PACCAR states that Kenworth Truck Company is an unincorporated division of PACCAR. PACCAR admits that it is responsible for the design and manufacture of Kenworth trucks. Answering further, PACCAR states that Kenworth trucks are marketed and sold by independent dealerships not owned or operated by PACCAR. PACCAR denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. That on and prior to November 26, 2010, the plaintiff, MICHAEL LEISHER, operated a Kenworth T600 truck that was designed, manufactured, distributed, and sold by the defendants, PACCAR and KENWORTH.

**ANSWER:** PACCAR lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies those allegations.

5. That on and prior to November 26, 2010, the plaintiff, MICHAEL LEISHER, was employed as a truck driver and was required to drive the aforementioned Kenworth T600 that was designed, manufactured, distributed, and sold by the defendants.

**ANSWER:** PACCAR lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. That on November 26, 2010, the plaintiff, MICHAEL LEISHER, parked the aforementioned Kenworth T600 truck at the Flying J. Pilot Travel Center located at 16049 Willowbrook Road in the City of South Beloit, County of Winnebago, and State of Illinois, and, in the course of his employment, lifted the hood of the truck in order to change a filter.

**ANSWER:** PACCAR lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. That on November 26, 2010, while the plaintiff, MICHAEL LEISHER, was looking under the hood of the aforementioned Kenworth T600 truck in the course of his employment, wind caught the hood of said truck, causing it to slam down onto MICHAEL LEISHER's back.

**ANSWER:** PACCAR lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint

8. That at the time the aforementioned Kenworth T600 truck left the possession of the defendants, PACCAR and KENWORTH, and entered the stream of commerce, said product was in an unreasonably dangerous and defective condition in one or more of the following ways:

    a. Did not have a locking mechanism that could be engaged to lock the hood of the truck open and prevent the hood from unexpectedly closing;

    b. Did not have any safety latches that could be used to hold the hood of the truck open and prevent the hood from unexpectedly closing;

    c. Lacked any means to prevent the hood of the truck from inadvertently closing due to reasonably foreseeable conditions, including wind, in order to protect individuals servicing the truck;

    d. Lacked any means to prevent the hood of the truck from closing while the truck is being serviced;

    e. Lacked adequate warnings to provide notice of the known danger of the hood unexpectedly closing;

    f. Was otherwise defectively manufactured.

**ANSWER:** PACCAR denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, including those allegations contained in subparagraphs (a) through (f).

9. That as a proximate result of one or more of the aforementioned unreasonably dangerous and defective conditions of the Kenworth T600 truck that was designed, manufactured, distributed and sold by the defendants, PACCAR and KENWORTH, the hood of said vehicle slammed down on the plaintiffs back, causing the injuries hereinafter complained of.

**ANSWER:** PACCAR denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. That as a further proximate result of the defendants' defective product, the plaintiff, MICHAEL LEISHER, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pam and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

**ANSWER:** PACCAR denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

WHEREFORE, PACCAR denies Plaintiff is entitled to judgment in any sum whatsoever and demands judgment in its favor.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PACCAR demands a trial by jury on all issues raised by the pleadings in this action.

**AFFIRMATIVE DEFENSES**

Further answering and without prejudice to the denials and other responses contained in this pleading, PACCAR sets forth the following as Affirmative Defenses to Plaintiff's Complaint at Law:

**First Affirmative Defense**

1. PACCAR states that any injuries that may have been sustained by Plaintiff, as alleged in Plaintiff's Complaint, occurred as a direct result of Plaintiff's negligent failure to exercise ordinary care, including but not limited to, the following:

   a. Failed to maintain the vehicle in a safe and proper condition;
   b. Failed to inspect the vehicle, including its hood and/or its hood locking mechanism, to ensure that it was in proper working order;
   c. Failed to secure the hood by its hood locking mechanism, in a safe and appropriate manner;
   d. Was otherwise careless and negligent.

2. Plaintiff's alleged injuries were caused in whole or in part, or were contributed to, by Plaintiff's own negligence, and not by any negligence of PACCAR and Plaintiff's negligence either bars or comparatively reduces any possible recovery by Plaintiff.

**Second Affirmative Defense**

1. PACCAR states that Plaintiff knowingly failed to exercise due care for his own safety and engaged in negligent acts and/or omissions, including but not limited to those negligent acts and/or omission set forth in Paragraph 1 of PACCAR's First Affirmative Defense, with knowledge of the risk that accidents and injuries such as those described in Plaintiff's Complaint could occur.

2. Such knowing acts/or omissions constituted assumption of risk and were the proximate cause Plaintiff's alleged injuries, if any, and Plaintiff's assumption of risk either bars or reduces any possible recovery by Plaintiff.

### **Third Affirmative Defense**

1. PACCAR states that the subject vehicle which Plaintiff alleges to have been unreasonably dangerous in causing his injuries was in the care, custody and control of persons other than PACCAR and that, at all relevant times, those persons had the legal duty to exercise due care and regard for Plaintiff's safety and protection.

2. Notwithstanding their duty under the circumstances, those other persons failed to exercise due care and were guilty of negligence which caused or contributed to Plaintiff's alleged injuries, when they carelessly and negligently:

   a. Failed to maintain the vehicle in a safe and proper condition;
   b. Failed to inspect the vehicle, including its hood and/or its hood locking mechanism;
   c. Failed to adequately train Plaintiff or to warn Plaintiff of unsafe conditions of the vehicle;
   d. Failed to supply Plaintiff with safe and suitable working equipment, including the subject truck; and
   e. Were otherwise careless and negligent.

3. Plaintiff's alleged injuries were caused in whole or in part, by the negligence of those other persons and such negligence either bars or comparatively reduces any possible recovery by Plaintiff.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: /s/ Jeffrey Singer
    Jeffrey Singer
    One of the Attorneys for PACCAR Inc

Jeffrey Singer, Esq.
Matthew C. Jardine, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive – Suite 5500
Chicago, Illinois 60606
(312) 645-7800
**#3424060.1**

7